## William Thomas O'Rourke, Plaintiff in Error, v. The Chicago, Rock Island & Pacific Railway Company, Defendant in Error.
### Gen. No. 16,019.

MASTER AND SERVANT—*when doctrine of assumed risk applies.* If the evidence clearly establishes that the servant was injured as the result of an obvious and apparent risk, the danger of which was appreciated by him, the doctrine of assumed risk applies and the court is justified in determining as a matter of law that he is not entitled to recover.

Action in case for personal injuries. Error to the Superior Court of Cook county; the HON. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 26, 1912.

WEINBERG & NOXON, for plaintiff in error.

M. L. BELL, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff in error, hereinafter called plaintiff, brought suit against the defendant in error, hereinafter called defendant, for damages for personal injuries.  At the close of the plaintiff's case the court directed a verdict for the defendant and the plaintiff comes here on a writ of error.

The plaintiff was sixteen years old when he went to work for the defendant.  He worked about six hours a day on a ticket destroying machine and the balance of the time did errands.. The machine consisted of two large horizontal rollers, one above the other; each roller was encircled by about forty knives, which, as the rollers revolved like the ordinary clothes wringer, cut up the tickets passing between them.  The tickets to be cut up and destroyed were placed upon a belt about three feet wide, carrying the tickets and feeding them into the knives on the rapidly revolving rollers, from which the pieces of tickets fell upon an inclined apron and slid away from the machine on the opposite side of the rollers from the feed belt.  On the feed side of the rollers a bar extended across and about one and one-half inches above the belt.  On this bar was hinged a wire net screen, and forming the arc of a circle extended from the bar over and beyond the rollers.  The machine was operated by electricity, which was turned on and off by a switch in the wall of the room.  The tickets were fed into the machine by placing them upon the flat surface of the feed belt, which carried them beneath the said bar to the knives in the rollers, protected by the said wire screen.

The plaintiff worked alone on the machine in a small closed room, and had been so working about three weeks when injured.  On the day in question he had cut up all the tickets and attempted to cut up some

wrapping paper that would not pass under the bar. To get the paper to the knives he lifted up the screen and placed the paper between the bar and the rollers, and in thus feeding it to the knives four fingers of his left hand were cut off; as he described it, "I fed in too far and got my fingers cut off."

All of the evidence in the case was the testimony of the plaintiff and three photographs of the machine. There was no evidence of any defect in the machine or that it was not properly protected by the wire screen. It is claimed that the plaintiff was ordered to cut up all the tickets and paper and clean up the room; that he could not feed the large pieces of paper into the knives by placing them upon the belt, as he was instructed, for they would not pass under the bar, and it was therefore necessary to raise the screen in order to get the large pieces of paper to the knives; that he had no prior experience with machines, and owing to his youth and inexperience he should have been instructed in the use of the machine in cutting up the large pieces of paper and warned of the dangers thereof, as averred in his declaration. The plaintiff was instructed in the use of the machine in cutting up the tickets and the smaller pieces of paper. It was apparent the screen was a protection from the knives, and had the plaintiff operated the machine according to his instructions, he could not have been so injured. The defendant gave the plaintiff orders to cut up all the paper in the room and instructed him how to use the machine, but some of the paper he was ordered to cut up he could not cut in the manner of operating the machine as instructed. Under such circumstances and in consideration of the age, intelligence, capacity and experience of the plaintiff, we think it was the duty of the court to submit the question of fact to the jury, whether the defendant in the exercise of ordinary care should have warned

the plaintiff of the danger of operating the machine as he did, unless all reasonable minds would agree from the evidence that the danger was open and apparent, and that the plaintiff, taking into consideration his age, intelligence, capacity and experience, knew and appreciated such dangers. It is practically conceded by the counsel for the plaintiff that the danger was open, apparent and known to the plaintiff, but it is insisted that the danger of operating the machine as he did was not appreciated by him and for that reason the trial court erred in not submitting the cause to the jury.

It clearly appears from the testimony of the plaintiff that he was of at least ordinary intelligence and capacity and knew the dangers of operating the machine in the manner he did when injured. He had operated it in the same manner before, but unknown to the defendant, and we think the evidence is plain that from the nature of the work, the character of the machine, the obvious danger of attempting to cut the paper in the manner he did, the danger of coming into contact with the rapidly revolving knives, which he knew, and from his testimony, that the danger was appreciated by him. In his testimony (quoting from the record literally) he said: "I cut the big paper up by lifting up the screen and putting it in and feeding in the paper, and I fed it in and for fear it would catch hold of my fingers—nobody cautioned me about feeding it in."

It was an unfortunate accident. The plaintiff was overzealous in his attempt to accomplish the work for the benefit of the defendant, and suffered a serious injury, for which, under the law, he cannot recover damages. The trial court properly instructed the jury for the defendant and the judgment is affirmed.

*Affirmed.*